UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PATRICIA BREWER,

    Plaintiff,

v.                                          Case No. 3:24cv298-MCR-HTC

OKALOOSA COUNTY, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Patricia Brewer, a prisoner at the Okaloosa County Jail proceeding *pro se*, files this action seeking relief under 42 U.S.C. § 1983. Plaintiff's case, however, should be DISMISSED WITHOUT PREJUDICE for failure to follow orders of the Court. Namely, Plaintiff has failed to file a sufficient amended complaint or seek leave to proceed *in forma pauperis*.

On or about June 27, 2004, Plaintiff filed a complaint against numerous Defendants, including the States of Florida and North Carolina, the counties of Walton and Okaloosa, the Sheriff's Office in those counties, and a Walton County Judge named "Green," alleging these Defendants violated her constitutional rights. The Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and found the complaint to be deficient. Doc. 3. However, rather than dismiss the action, the

Court notified Plaintiff of these deficiencies and allowed her to file an amended complaint, consistent with the Court's directions.

The Court told Plaintiff that her complaint was an improper and nonsensical "stream of consciousness recitation of various allegations against multiple defendants that do not have anything to do with one another," which cannot be joined in one action. Doc. 3 at 2. Plaintiff's first amended complaint fares no better. While Plaintiff has limited the defendants to the Public Defender's Office, Shalimar Mini Storage, Okaloosa County, Okaloosa County Sheriff's Department, and Unknown Sheriff Deputy #1-4, the factual allegations, where legible,[1] continue to be nothing more than a rambling, nonsensical, stream of consciousness recitation of various seemingly unrelated events, ranging from complaints about a storage unit owner making false allegations about Plaintiff's failure to pay, to unidentified officers planting evidence, to allegations that Plaintiff's public defender failed to listen to her and instead told the court she was dangerous and incompetent, to allegations of some sort of HIPAA violation.

The Court also ordered Plaintiff to either file a motion to proceed *in forma pauperis* or pay the full $405 filing fee. Doc. 3. Contrary to the Court's instructions, Plaintiff submitted only one part of this Court's form, did not include an inmate

---

[1] Plaintiff's amended complaint is difficult to read because Plaintiff writes in the margins of the complaint form.

account statement, and submitted a motion used by criminal defendants in state court. Docs. 7 & 8. Out of an abundance of caution, the Court gave Plaintiff a second opportunity to submit the appropriate documents or pay the fee. Doc. 9. To date, however, Plaintiff has failed to do either.

In the Court's prior orders, Docs. 3 & 9, the Court specifically warned Plaintiff that her case was subject to dismissal if she failed to comply with the orders. Despite multiple opportunities, Plaintiff has neither filed a sufficient amended complaint nor a complete motion to proceed *in forma pauperis* on this Court's forms.

Thus, this case should be dismissed for Plaintiff's failure to follow orders of the Court. *See Powell v. Harris*, 628 F. App'x 679, 680 (11th Cir. 2015) (holding district court did not abuse its discretion by dismissing case without prejudice for the plaintiff's noncompliance with the court's instructions to file a proper complaint); *Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010) ("district court did not abuse its discretion in dismissing [*pro se* prisoner's] case without prejudice because [he] failed to comply with the magistrate's order to comply with Rule 20(a) when he did not show that the claims against the defendants arose out of the same transaction, occurrence, or series of transactions or occurrences"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted); *Smith v. Owens*, 625 F.

App'x 924, 928 (11th Cir. 2015) (concluding "district court did not abuse its discretion when it dismissed Plaintiff's complaint for noncompliance with Federal Rule of Civil Procedure 20(a)"); *see also Logan v. Godwin*, 2023 WL 5528912, at *2 (11th Cir. Aug. 28, 2023) ("Ordinarily, a dismissal *without prejudice* for failure to comply with a court order is not an abuse of discretion.") (emphasis in original).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to comply with Court orders.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 27th day of August, 2024.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.